Judge Mills
delivered the Opinion of the Court.
The defendants in error declared against the plaintiff in covenant, setting forth a covenant, which stipulated a conveyance to the defendants in error, of -six acres and one quarter of land, with a mill situated thereon, to be made so soon as he, (the intestate,) received all the consideration money. In the declaration it is averred, that the defendants •in error had paid all the consideration for the land, -before the commencement of the suit, except ” for which sum the decedent held their notes, it being the balance o'i the consideration money, and tha-i *595 the decedent' had- assigned said notes to a certain Robert Tevis, to-whom the plaintiffs below had discharged and took in the notes, of which, the dece* dent had notice.
Plea — covfórmcd^vitlieave
Evidence on tlietnal-
Moííod for instructions, verdict*and judgment fo$. plaintiff.
The defendants below pleaded covenants perform* ed, on which issue was joined, and an agreement was made that the defendants below might give any matter in evidence which might have been specially pleaded, and thus the parties went, to trial.
On the trial the whole evidence in substance was, that when Crews the intestate of the defendants below, sold the mills to the plaintiffs in that, court and entered into the article declared on, lie held not the legal title to the land, but had previously bought, the lands of a certain Robert Tevis, and then owed to said Tevis a part of the purchase money. That some four or five years before the commencement of this suit, Crews assigned to Tevis the notes of the plaintiffs below, given for the purchase money; that the plaintiffs below had made a new arrangement. with Tevis about the payment of these assigned notes, and had executed, for the balance of the purchase money due by them, their own notes, with personal security, directly to Tevis, and took up their ohl notes which had been assigned to Tevis by Crews, and that, a balance of the new notes so given by the plaintiffs below to Tevis, was not yet paid, and that when this new arrangement was made, it was agreed and understood between Crews, the plaintiff below, and Tevis, that as he, Tevis, held the legal estate, he was to retain it, until these new, notes were paid, and then he was to convey directly to the plaintiffs instead of conveying first, to Crews, and Crews to the plaintiffs..
The counsel for the defendants below, moved the court to instruct the jury, that if they believed this state of facts, they were bound to find for the defendants in that court. The-court overruled, this application, and the defendants below excepted, The jury accordingly found for the plaintiffs below, and judgment was rendered accordingly; to reverse which, tiiis writ of error is prosecuted.
Under an agrueniRiit for defendant to give spncial matter in evidence, the non performance. of a condition precedent, or any other negative matter which might bo pleaded in bar, may be insisted on.
C. bad purohased the land of T. to bo convoyed on payment of the consideration, and then sold it to Q. on the same conditions, and assigned his notes for the purchase money to T.— Q. took up his uutes from T. by giving his'own now notes, but with a parol agreement that the title of the. land was to bo held as surety, and then Q. brought bis action of covenant against C. for not convoying — field his V-boa ivas not maintainable.
*596 The covenant declared on lias within it a prece ■ dent condition, that is, the payment of the purchase money was first to be made on the part of tiie plain-’ tiff, of this the plaintiffs'were sensible, and inserted in their declaration an averment that part was paid raid the notes for the residue were taken in and discharged. This averment, was traversable, and that traverse would be a good bar to the action. In form this traverse was not made by plea, but it was in substance. The leave to give any special matter in evidence, which might have been pleaded, must be construed to include negative as well - as affirmative pleas, and of course it operates as a traverse to this averment, and imposed on the plaintiffs the proof thereof.
To do this they proved tliait the notes for the balance of the purchase money were assigned to Tevis, and as a substitute for the payment of them, they attempted to prove a discharge by giving other notes with personal security. If doing this, had not only acquitted the estate of Crews from all liability to Teves, for the debt which Crews owed him for the mill, and also of his responsibility on tiie assignment, of the notes, but bad also removed all obstacles out of the road of Tevis making the title to Crews, then we should concur with the court below, that the plaintiffs below liad sufficiently substantiated their averment of performance of the precedent condition, to enable them to recover. But this turns out not to be true. Tevis withheld the title from Crews at the time Crews sold to the plaintiff below, and claimed it as security for the purchase money, which appears to have been well understood. To discharge himself in some measure from the debt to Tevis, or at least to secure the purchase money, Crews assigned the obligations of the plaintiffs, so that when the plaintiffs actually paid the debt, all obstacles against making the title would be removed. This appears to be fair and honest, and the transaction had a peculiar iitness and propriety in it. For while it secured Tevis, and in some degree exonerated Crews from bis liability, it placed it in the power of the plaintiffs to release the legal estate from all liens, and to secure the legal title by a sun- *597 pie compliance with their contract. This, however, they did not choose to do, but in lieu thereof, made such arrangements with Tevis, as to get up their first evidences of the debt, by giving others of like nature, but agreeing at the same time to fasten the legal title where it was. After making this arrangement, and still confining the title in Tevis, and keeping it out of the hands of Crews or his representatives, to permit them to go on and recover against Crews, when they had put the title out of his reach or the reach of Iris representatives, by their own agreement, lias something in the proposition too monstrous and unjust to be tolerated, and therefore the court below ought to have given the instruction as asked for. The action was premature and unfounded.
The agreement in the case that tho title was to be retained as security, being in parol only, is no ground of objection.
It is urged by the plaintiffs below that the proof of the parol agreement, that Tevis, on the reception of the notes of the plaintiffs below, was to keep the title still, till these last notes were paid, and then to make it directly to the plaintiffs below, was inadmissible, because it tended to vary and alter the stipulations of the original contract, and that expunging this evidence, the plaintiffs below ought, to recover. To tliis we teply, that we do not view this evidence as offered to defeat or destroy the written agreement; Whether it can or cannot be enforced, either at law or equity, or be used to overthrow the written agreement, is a different question, and it is now used for entirely a different purpose. The plaintiffs took upon themselves the proof of performance of a precedent, condition, by showing acts in pais, and instead of showing a direct performance, attempted to show a substitute, It was competent for the opposite party to show that this substitute was incomplete, or was a sham or fraudulent, and this they might do by parol evidence, and we view the proof of this agreement that Tevis should still keep the title, till the money was actually paid, and then to make it to the plaintiffs, as calculated to demonstrate that the performance of the plaintiffs was only in matter of form, and not according to the substance and spirit of the contract, and the intention of the parties, and for this purpose the evidence was admissible.
Breck, for plaintiff; Turner and Caperton, for defendants.
The judgment must, therefore, be reversed with costs, and the verdict be set aside, and the cause be remanded for new proceedings, not inconsistent with the opinion of this court.